UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LATORA BOSTIC,

Plaintiff,

v.  4:14-cv-83

LAURAGINA PROFESSIONAL TRANSPORT, LLC; JOSEPH L. PORTER, ST.; WE CARE TRANSPORTATION, LLC; and LOGISTICARE SOLUTIONS, LLC,

Defendants.

## ORDER

### I. INTRODUCTION

Before the Court is a motion by LogistiCare Solutions, LLC ("LogistiCare"), seeking sanctions. ECF No. 24. LogistiCare seeks sanctions against Plaintiff Latora Bostic under Federal Rule of Civil Procedure 11. *Id.* at 1-2. For the reasons set forth below, the Court **DENIES** LogistiCare's Motion.

### II. FACTS

Bostic alleges that she was fired from her employment at We Care Transportation, LLC ("We Care"), because she had filed a charge against her previous employer with the Equal Employment Opportunity Commission ("EEOC"). ECF No. 24-4 at 11-12. In her complaint, Bostic alleges that LogistiCare is a joint employer with We Care, and that it is therefore jointly liable for her termination. *Id.* at 17.

In response to being named a defendant, LogistiCare filed a Rule 11 Motion. ECF No. 24. LogistiCare argues that, because Bostic has no legal basis for her claim against it, it should be awarded sanctions against her. *Id.* at 1.

### III. STANDARD OF REVIEW

The decision whether to impose sanctions is committed to the discretion of the trial court. *See, e.g., Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 636 (11th Cir. 2010). Rule 11 sanctions are appropriate

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose.

*Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995) (quoting *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1506 (11th Cir. 1993)). To determine whether the filing was reasonable, courts evaluate whether a reasonable inquiry was made, looking to how much time was available for investigation, whether reliance upon client representations was necessary, and the extent to which factual development required discovery. *Id.* at 695. In making this evaluation, courts are "expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11 advisory committee's note.

## IV. ANALYSIS

The only issue currently before the Court is whether Rule 11 sanctions should be awarded to LogistiCare and against Bostic. The key question here is whether Bostic had a reasonable factual basis for her claim against LogistiCare. The Court finds that Bostic did have such a basis.

In an affidavit submitted to the Court, Bostic testified that one condition of her employment was meeting "compliance and credentialing requirements." ECF No. 30-1 at 3. She also believed that she was subject to removal, control, and oversight by LogistiCare. *Id.* According to Bostic's affidavit, her supervisors at both her previous company and at We Care referred to a person at LogistiCare as "their boss." *Id.* at 4. Bostic recites similar facts in her complaint. *See* ECF No. 1-1 at 7, 12.

Bostic's allegations may be inaccurate, and LogistiCare has argued as much, *see* ECF No. 35. But the statements certainly provide a reasonable basis upon which Bostic would file suit against LogistiCare. Even if Bostic's allegations prove in hindsight to be inaccurate, the Court will not use the wisdom of hindsight to evaluate her allegations. *See Jones*, 49 F.3d at 695. "Under [Rule 11,] the district court must focus on what was reasonable for an attorney to believe at the time the pleadings were filed, not on what the court later finds to be the case." *Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints v. Associated Contractors, Inc.*, 877 F.2d 938, 941 (11th Cir. 1989) (alteration in original) (quoting *Threaf Props., Ltd. v. Title Ins. Co. of Minnesota*, 875 F.2d 831, 835 (11th Cir. 1989)). The Court finds that it was reasonable for Bostic's attorney to believe that the pleadings were appropriate at the time they were filed.

LogistiCare also argues that Bostic has failed to set forth sufficient facts to establish that LogistiCare was a joint employer with We Care. ECF No. 36 at 5-6. The Court reminds LogistiCare that a motion for sanctions is distinct from a motion to dismiss. "The mere fact that the plaintiffs fail to state a claim . . . does not mean that Rule 11 sanctions should be imposed. 'Otherwise Rule 11 sanctions would be imposed whenever a complaint was dismissed, thereby transforming it into a fee shifting statute under which the loser pays.'" *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 216 F.R.D. 29, 44 (E.D.N.Y. 2003) (quoting *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263, 1270 (7th Cir. 1993)).

## V. CONCLUSION

The Court finds that Bostic did not file a complaint without any reasonable factual basis. Therefore, the Court **DENIES** LogistiCare's Rule 11 Motion.

This ___ day of September 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA