UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LATORA BOSTIC,

Plaintiff,

v.  4:14-cv-83

LAURAGINA PROFESSIONAL TRANSPORT, LLC; JOSEPH L. PORTER, ST.; WE CARE TRANSPORTATION, LLC; and LOGISTICARE SOLUTIONS, LLC,

Defendants.

## ORDER

Before the Court is a motion by LogistiCare Solutions, LLC ("LogistiCare"), to strike Plaintiff Latora Bostic's affidavit. ECF No. 35. For the reasons set forth below, the Court *DENIES* LogistiCare's Motion.

### I. ADMISSIBILITY OF BOSTIC'S AFFIDAVIT

LogistiCare initially argues that that Bostic's affidavit is "inadmissible under Rule 56(e) of the Federal Rules of Civil Procedure." ECF No. 35-1 at 2. This is incorrect for several reasons.

First, the Rules of Civil Procedure do not govern admissibility; that role is reserved for the Rules of Evidence, *see Johnson v. William C. Ellis & Sons Iron Works, Inc.*, 609 F.2d 820, 821 (5th Cir. 1980).

Second, LogistiCare cites to an outdated version of Federal Rule of Civil Procedure 56(e). *See* ECF No. 35-1 at 2. Rule 56(e) has not discussed affidavits since the Federal Rules of Civil Procedure were revised in 2010.[1] Fed. R. Civ. P. 56 advisory committee's note, 2010 amendments.

Finally, LogistiCare has given no justification for striking Bostic's affidavit at this stage of the case. Rule 56 governs the summary judgment phase of litigation, *see* Fed. R. Civ. P. 56, which has not been reached in this case. In addition, each case LogistiCare cites in support of its argument involves matters at the summary judgment phase. *See, e.g., Evans v. Books-A-Million*, 762 F.3d 1288, 1295 (11th Cir. 2014) (discussing a "summary judgment affidavit"). Here, no motions for summary judgment have been filed. Therefore, the provisions for striking affidavits in Rule 56 are not applicable here.

### II. HEARSAY IN BOSTIC'S AFFIDAVIT

LogistiCare also asks the Court to strike paragraphs 18 and 19 because it argues that they contain inadmissible hearsay under Federal Rule of Evidence 801(c). ECF No. 35-1 at 7. Both paragraphs contain statements made by LogistiCare's managers. ECF No. 30-1 at 5.

Statements made by an opposing party are not hearsay. Fed. R. Evid. 801(d)(2). When the opposing party has agents or employees, their statements are also not hearsay, so long as they are "on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). Given that the alleged statements by LogistiCare's managers concern Bostic's employment, the statements could fall within the scope of the

---

[1] Rule 56(c)(4) does discuss the use of affidavits, but only in the context of motions for summary judgment. *See* Fed. R. Civ. P. 56(c)(4).

managers' employment. LogistiCare has not offered any evidence to show that these statements fall outside this exception; in fact, LogistiCare has not even addressed Rule 801(d)(2). Therefore, the Court declines to strike these paragraphs at this stage of the case.

LogistiCare also argues that paragraphs 18 and 19 should be stricken because Bostic was not present when the managers' statements were made. ECF No. 35-1 at 9. LogistiCare is incorrect. Bostic testifies that all matters in her affidavit "are made upon [her] own personal knowledge." ECF No. 30-1 at 5. Therefore, the Court declines to strike paragraphs 18 and 19 on this basis.

### III. CONCLUSION

The Court **_DENIES_** LogistiCare's Motion to Strike.

This 2̶8̶ day of October 2014.

_/s/ B. Avant Edenfield_
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA