IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LATORA BOSTIC,                    *
                                  *
        Plaintiff,                *
                                  *
        v.                        *           CV 414-083
                                  *
LAURAGINA PROFESSIONAL            *
TRANSPORT, LLC, and JOSEPH L.     *
PORTER, SR.,                      *
                                  *
        Defendants.               *

                    _____

                **O R D E R**

                    _____

        Presently before the Court is Plaintiff's motion for default judgment (Doc. 91). For the reasons stated below, Plaintiff's motion is **GRANTED**.

## I. DISCUSSION

        In response to Plaintiff's motion for default judgment, the Court, on May 2, 2016, entered an order finding a sufficient basis in the pleadings to hold (1) Defendant Lauragina Professional Transport, LLC ("Lauragina"), liable for sexual harassment and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and (2) Defendant Joseph L. Porter, Sr., liable for battery in violation of Georgia tort law. (Doc. 95.) However, as part of that order, the Court also concluded that it could not award damages

without additional evidence from Plaintiff. (Id.) Therefore, the Court held an evidentiary hearing on June 9, 2016.

During the evidentiary hearing, Plaintiff provided four key pieces of information. First, Plaintiff testified that, during her time as an employee of Defendant Lauragina, the company employed approximately fifty individuals.[1] Second, Plaintiff indicated that after she was terminated from her position as an administrative assistant – for which she was paid $23,000 – $25,000 annually – she was unable to find employment for a year and a half. Third, Plaintiff relayed that Defendant Porter would often expose himself, indecently, as Plaintiff entered his office. Finally, Plaintiff stated that she consistently (1) rejected Defendant Porter's sexual advances, (2) ordered him to stop touching her, and (3) rushed out of his office when his conduct would not cease.

Combining this evidence with those facts highlighted in its previous order, the Court now awards Plaintiff damages as follows. With to respect to the sexual harassment and unlawful

---

[1] Plaintiff worked for Defendant Lauragina from 2009 to 2011 and was subject to sexual harassment and/or unlawful retaliation during each of those years. (Bostic Aff., Doc. 91-2, ¶¶ 3-4.) Therefore, given Plaintiff's in-court testimony, Defendant Lauragina had more than fourteen but less than one hundred employees during the years in which she was subject to Defendant Porter's unlawful activity. See 42 U.S.C. § 1981a(b)(3); Hernandez-Miranda v. Empresas Diaz Masso, Inc., 651 F.3d 167, 175 (1st Cir. 2011) (concluding "that the 'current' year for purposes of § 1983a(b)(3) refers to the year of the discrimination"). Accordingly, the sum of the amount of compensatory damages and the amount of punitive damages that Plaintiff can receive as part of her Title VII claims is $50,000. See 42 U.S.C. § 1981a(b)(3)(A). Significantly, however, "compensatory damages" does not include backpay. See id. § 1981a(b)(2).

retaliation claims, the Court orders Defendant Lauragina to pay Plaintiff: $36,000 in damages for her lost wages; $40,000 in damages for her emotional distress; and $10,000 in punitive damages – a total of $86,000. As for Plaintiff's battery claim, the Court orders Defendant Porter to pay Plaintiff $50,000 in damages for her emotional distress and $50,000 in punitive damages – a total of $100,000. See Lawson v. Bloodsworth, 722 S.E.2d 616, 618 (Ga. Ct. App. 2012) ("[B]ecause [the plaintiff] seeks to recover damages for emotional distress resulting from an intentional tort, rather than from merely negligent conduct, Georgia's impact rule does not bar his claim, despite the absence of any physical injury."). Moreover, the Court orders Defendant Lauragina to pay Plaintiff an additional $11,100 for her reasonable attorney's fees.[2] See 42 U.S.C. § 2000e-5(k) (stating that in a Title VII action, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee").

---

[2] Along with Plaintiff's motion for default judgment, her counsel submitted an invoice for attorney's fees in the amount of $26,725. (Doc. 92.) However, the majority of these fees are attributable to counsel's work on Plaintiff's separate claims against We Care Transportation, LLC, and Logisticare Solutions, LLC – two prior defendants who are entities unrelated to Defendants Lauragina and Porter. (Id.) Consequently, the Court finds $11,100 – the product of 44.4 hours of work at a rate of $250 per hour – to be a more reasonable award. See Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (providing that the court is "itself an expert" as to whether a given amount of attorney's fees is reasonable).

## II. CONCLUSION

For the reasons stated herein and in its order dated May 2, 2016, the Court **GRANTS** Plaintiff's motion for default judgment (Doc. 91). Accordingly, the Court directs the Clerk to **ENTER JUDGMENT** (1) in favor of Plaintiff and against Defendant Lauragina in the amount of $97,100 and (2) in favor of Plaintiff and against Defendant Porter in the amount of $100,000. The Court further directs the Clerk to **TERMINATE** all motions and deadlines and to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this _14th_ day of June, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA